Ma Cristina **RODRIGUEZ**; Salvador
Rodriguez Cervantes,
Petitioners,

v.

John **ASHCROFT**, Attorney
General, Respondent.

No. 02–73769.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

Ma. Cristina Rodriguez, Ontario, CA, pro se.

Salvador Rodriguez Cervantes, Ontario, CA, pro se.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, John C. Cunningham, Esq., Margaret M. Newell, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Salvador Rodriguez Cervantes and his wife Ma Cristina Rodriguez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reconsider the BIA's earlier decision summarily affirming an immigration judge's denial of their application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review due process challenges de novo. *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002). We construe motions to reconsider based on ineffective assistance of counsel as motions to reopen, and review for an abuse of discretion. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition.

The BIA did not abuse its discretion in denying Petitioners' motion to reconsider based on ineffective assistance of counsel because Petitioners did not demonstrate that their former counsel's failure to ade-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

quately prepare them for their hearing caused prejudice. *See id.* at 899 (explaining that petitioner must show prejudice in order to demonstrate ineffective assistance of counsel). In addition, Petitioners' former attorney did not provide ineffective assistance by failing to include Petitioners' minor son Jose Salvador Rodriguez in their application for cancellation of removal because Jose is ineligible for relief as he does not have a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093–94 (9th Cir. 2002) (stating that a qualifying relative is a spouse, parent or child who is a United States citizen or a lawful permanent resident).

**PETITION FOR REVIEW DENIED.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.